*E-Filed 4/14/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EPHREIM MARIO MILLER,

        Petitioner,

   v.

JAMES A. YATES, Warden,

        Respondent.

No. C 09-4001 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED. Accordingly, the petition is DISMISSED.

## DISCUSSION

A.   <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the

No. C 09-4001 RS (PR)
ORDER OF DISMISSAL

conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

B.   <u>Timeliness of the Petition</u>

According to the petition, petitioner pleaded guilty in 2005 in a San Mateo Superior Court to, among other charges, burglary and grand theft, and was sentenced to sixteen years in state prison. The state appellate court affirmed the conviction on September 14, 2006. Petitioner's conviction became final on November 14, 2006, the day after the deadline for filing a petition for review in the state supreme court. Petitioner then had one year to file a timely habeas petition, that is, until November 14, 2007. Petitioner filed the instant federal habeas petition on August 28, 2009. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d), because petitioner did not file his federal action by November 14, 2007, i.e., within a year of the date the state court judgment became final.

C.   <u>Statutory and Equitable Tolling</u>

1.   <u>Statutory Tolling</u>

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

1,018 days passed between the date petitioner's conviction became final — November 14, 2006 — and the date petitioner filed the instant federal habeas petition — August 28, 2009. Petitioner's tolling periods are as follows:

- ♦ 3 days (First state habeas petition: filed May 1, 2007; denied May 3, 2007.)
- ♦ 36 days (Second state habeas petition: filed Aug. 3, 2007; denied Sept. 7, 2007.)
- ♦ 7 days (Third state habeas petition: filed Oct. 12, 2007; denied Oct. 18, 2007.)
- ♦ 3 days (Fourth state habeas petition: filed Mar. 3, 2008; denied Mar. 5, 2008.)
- ♦ 10 days (Fifth state habeas petition: filed June 24, 2008; denied July 3, 2008.)
- ♦ 183 days (Sixth, and final, state habeas petition: filed July 23, 2008; denied January 21, 2009.)[1]

Petitioner is entitled to a total of 242 days of tolling.  Petitioner, then, filed his federal habeas petition 776 days after his state conviction became final, which is clearly more than a year, and therefore, absent equitable tolling, his petition is time-barred.

2. <u>Equitable Tolling</u>

Petitioner asserts he is entitled to equitable tolling because of his habeas attorney's error, the lockdown conditions during his incarceration, his diminished mental health, and the fact that he reads and writes at a first-grade level.  (Petitioner's Opp. to Mot. to Dismiss at 2–3.)

Although the Supreme Court has never "squarely addressed" the question of whether equitable tolling is applicable to AEDPA's statute of limitations, *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005), the Ninth Circuit has held the one-year limitations period can be equitably tolled.  *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (finding § 2244(d) is a statute of limitations and not a jurisdictional bar). In the majority of cases, however, equitable tolling will not be available, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Id.* (internal quotation and citation omitted).

The Ninth Circuit has held the petitioner bears the burden of showing such

---

[1] In order, petitioner filed in the following state courts:  appellate, superior, appellate, superior, appellate, and, finally, supreme.

"extraordinary exclusion" is applicable. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Further, to be granted equitable tolling, the petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace*, 544 U.S. at 419). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application timely, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005).

Here, petitioner has not shown he is entitled to equitable tolling. Specifically, petitioner has not shown that some extraordinary circumstance stood in his way. Attorney error is not a sufficient basis for granting the extraordinary relief of equitable tolling. *See Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (holding petitioner not entitled to equitable tolling; noting petitioner's "attempt to place blame on his previous attorney and to assign his reliance on that attorney having made timely filing 'impossible' falls short of the circumstances required to engage this exception"); *see also Miranda v. Castro*, 292 F.3d 1063, 1066–67 (9th Cir. 2002) (finding attorney's negligence in calculating filing deadline does not meet standard for equitable tolling). Furthermore, petitioner's assertion that he cannot competently file a habeas petition is heavily undermined by his filing multiple petitions in the state courts.

Nor is a *pro se* petitioner's lack of legal sophistication, however, itself an extraordinary circumstance warranting equitable tolling. *See Raspberry*, 448 F.3d at 1154. A petitioner's language limitations do not, of themselves, justify equitable tolling; rather, equitable tolling may be justified only if such limitations actually prevent timely filing. *See Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). From the record of his multiple filings in state court, it does not appear that petitioner's lack of legal knowledge or his language difficulties have prevented him from pursuing his legal rights.

Nor is petitioner's allegation of prison lockdown availing. First, petitioner fails to

state the dates lockdown was in place, and what exact restrictions imposed by lockdown actually prevented him from timely filing his petition.  Second, prison lockdown is a common experience, and does not by itself, nor in combination with the factors present here, show an extraordinary set of circumstances that would entitle petitioner to equitable tolling.  Consequently, having taken into account all of the above circumstances, the Court finds petitioner has not shown he is entitled to the "extraordinary" relief of equitable tolling.  Accordingly, the Court will grant respondent's motion to dismiss.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED.  Accordingly, the petition is DISMISSED.  Judgment will be entered in favor of respondent. Petitioner's motion to amend the exhibits (Docket No. 7) is GRANTED.

Petitioner's motion for an extension to file an opposition to respondent's motion to dismiss (Docket No. 8) is GRANTED.  Petitioner's opposition (Docket No. 10) is deemed timely filed.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 6, 7 & 8.

The Clerk shall enter judgment in favor of respondent, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: April 14, 2010

                                          RICHARD SEEBORG
                                          United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Ephriem Mario Miller
F-01029
Pleasant Valley State Prison
P.O. Box 8504
D5-202
Coalinga, CA 93210


DATED: 04/14/2010

s/ Chambers Staff<br>Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.